UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Petros Charalampopoulos,
    debtor.   ch. 7 21-40644

Corey and Jessica Pollock,
    plaintiffs,

vs.

Petros Charalampopoulos,   adv 21-04043
    defendant.

## STIPULATION

WHEREAS, the parties wish to resolve all claims in the above-entitled adversary action without resort to further litigation;

NOW THEREFORE, for good and valuable consideration, the sufficiency of which is hereby acknowledged, it is stipulated, covenanted and agreed between the parties as follows:

1. Defendant must pay Plaintiff the sum of $4,000.00 at the rate of no less than $666.67 per month commencing April 1, 2022. The payments must be made to the law firm of:

    Burns & Hansen, P.A.
    8401 Wayzata Blvd, Suite 300
    Minneapolis, MN 55426

2. Payments must be made by money order or other funds acceptable to the law firm.

3. If payment of the $4,000.00 is made according to the above schedule, plaintiffs must notify the court of that fact and the case will thereupon be dismissed with prejudice, and with each party to bear their own costs.

4. If defendant fails to make payment according to the above schedule, counsel for plaintiffs may give defendant seven business days notice of his default by mail, one copy to be sent certified mail and one by regular first class mail. If defendant cures the default, he must pay $100.00 to counsel for plaintiffs to defray the time and expense of the notice in addition to

curing the default. If defendant fails to cure the default, counsel for plaintiff may submit an affidavit to the court showing the default and failure to cure, at which time the Court will enter an order against defendant in the amount of $25,000.00. The judgment will provide that it represents a debt that is non-dischargeable pursuant to 11 U.S.C. section 523(a)(2) and (a)(6) in the above entitled bankruptcy case or in any subsequent bankruptcy, insolvency or reorganizatino case filed by the defendant.

5. The parties hereby agree that the settlement of the dispute related to a contested liability and was made in good faith. As such, the excess of the original debt over the amount of the settlement shall not be considered as income and creditor shall not issue a Form 1099- C.

6. This Stipulation may not be amended other than by a subsequent written agreement executed by the parties hereto.

7. This Stipulation sets forth the entirety of the terms negotiated by the parties with respect to the subject matter of this Stipulation. No party will be deemed to have waived any rights under this Stipulation absent a written statement of waiver executed by the party alleged to have waived rights. Any waiver will be strictly limited to the circumstances under which the waiver is given unless a broader waiver is provided for in writing.

8. This Stipulation will be interpreted under the laws of the State of Minnesota.

9. This Stipulation may be executed in counterparts and signatures provided by facsimile or other electronic means.

_____          dated: 3-21-22
Martin C. Melang  ID# 329393
Burns & Hansen, P.A.
attorneys for plaintiffs
8401 Wayzata Blvd, Suite 300
Minneapolis, MN 55426
952-564-6262

_____          _____
Corey Pollock                              Jessica Pollock

_(signature)_     dated: 3-16-2022

Sam V. Calvert MN ID #1431X
attorney for defendant
1011 2nd ST N STE 107
St. Cloud MN 56303
320-252-4473

*PETROS CHARALAMPOPOULOS*

---
Petros Charalampopoulos